IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **CHRISTINE NORRIS**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 15 C 1494 |
| | ) |
| **FRANCISCAN PHYSICIAN NETWORK /** | ) |
| **SPECIALTY PHYSICIANS OF ILLINOIS**, | ) |
| **CRAIG MILLER**, **NITA WIRKUS**, | ) |
| **SHEREE BOYD**, and **MICHELLE BURGIO**, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

This action by Christine Norris ("Norris") against a group of defendants has been met with a Fed. R. Civ. P. ("Rule") 12(b)(6) motion to dismiss filed by all but one of those defendants [Dkt. No. 20], to which Norris' counsel has just responded with a detailed and legally compelling 12-page responsive memorandum.[1] In this Court's studied view, any impartial reader of the Amended Complaint ("AC") and of Norris' response[2] would reach two conclusions:

---

[1] Those same defendants had earlier filed a like motion against Norris' original Complaint. On April 13, 2015 that motion was denied orally by this Court as moot when Norris' counsel announced his intention to file an Amended Complaint. That filing took place on May 11, and it is that amended pleading that is the target of the current motion.

[2] Although Publilius Syrus counseled in his Maxim 545 that "no one should be judge in his own cause," this Court feels safe in placing itself in the "impartial reader" category. It has of course neither made nor implied any determination as to the merits of the case, instead following the standard Rule 12(b)(6) approach at the present threshold stage of crediting Norris' well-pleaded allegations and applying to them the "plausibility" standard prescribed by the Twombly-Iqbal canon.

1. Norris' recital of the harassing conditions to which she was allegedly subjected at the defendants' hands and of the consequences that she suffered as a result paints a truly appalling picture.
2. For defense counsel to respond to those allegations with a motion to dismiss the AC at the get go is, in candor, a prime candidate for that same label.

It is frankly unnecessary to deal with the matter in chapter-and-verse terms, although one exception calls for brief comment. Defendants complain that the AC's allegations tend to group them rather than identifying specifically just which defendant is said to have committed which act. This Court like others has on occasion dismissed pleadings on that score, but in this instance Norris' Response at 2 explains satisfactorily why a threshold disposition on that ground would be unfair here, where all defendants are alleged to have pursued the same goal of ridding themselves of Norris. As Norris' counsel asserts, defendants themselves know what they did or did not do, and discovery should suffice to deal with the situation.

By definition judicial time is the commodity in shortest supply in the justice system, so that it has been more than enough for this Court to have been compelled to read and study the opposing submissions and look at the principal cases cited by the opposing counsel. Suffice it to say that the AC's allegations, considered under the standard referred to in n.2, clearly entitle Norris to remain in court to pursue her claims. Accordingly the motion to dismiss [Dkt. No. 20] is denied and the moving defendants are ordered to file their answer to the AC on or before

July 15, 2015, while the previously set July 9 status date will be retained to discuss further proceedings in the case.

_____
Milton I. Shadur
Date: June 26, 2015                                  Senior United States District Judge